*425 OPINION
DANIEL A. RAAS, Justice.
Jesus Echevarria appeals the Tulalip Employment Court’s affirmance of his dismissal from his position with the Tulalip Utilities Authority (TUA) for abandonment of his job, as defined in Human Resources Ordinance, TTO 84.IX.D.2.d (HRO 84.-IX.D.2.d).
TIMELINESS OF THE APPEAL
The Employment Court rendered its decision on August 19, 2009, but there is no record that the decision was ever served on the Appellant. The Notice of Appeal was filed to this Court on September 9, 2009. HRO 84.X.B.12 requires that the Notice of Appeal be filed within 10(ten) calendar days of the decision of the Employment Court.
The Tulalip Tribal Courts, including the Court of Appeals, are statutory courts created by ordinance of the Tulalip Board of Directors. Constitution and Bylaws of the *426 Tulalip Tribes of Washington, Article VI, Section l.k; Tulalip Ordinance 49.1.1; TO 49.1.11 et seq. As such, the Tulalip Board of Directors has the power to both establish and limit the jurisdiction of the Tulalip Tribal Courts. Tulalip Constitution, Article VI, Section l.k. The Tulalip Board of Directors has granted the Tulalip Tribal Courts jurisdiction over all persons and all subject matters on lands and waters within the Tulalip Reservation [1]‘except as limited by federal or Tulalip tribal law.” TO 49.1.2.1.
Appeal filing deadlines are generally considered mandatory and jurisdictional in nature. See, e.g. Colegrove and Colegrove v. Traversic and McLaughlin, 9 NICS App., No. A-08-002 (Hoopa Valley Ct.App.2009); Browder v. Director, Dept. of Corrections of Illinois, 434 U.S. 257, 98 S.Ct. 556, 54 L.Ed.2d 521, (1978), Bowles v. Russell, 551 U.S. 205, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007).[2] As the U.S. Supreme Court stated in Browder, “[t]he purpose of the rale is clear: It is to set a definite point of time when litigation shall be at an end, unless within that time the prescribed application has been made; and if it has not, to advise prospective appellees that they are freed of the appellant’s demands. Any other construction of the statute would defeat its purpose.” Id. at 264, 98 S.Ct. 556 (internal quotation marks and citations omitted).
The matter currently before the Court arises under the Tulalip Human Resources Ordinance. The ordinance states
Any party to an Employment Court proceeding may have an appeal on the record to the Tulalip Court of Appeals of any final decision of the Employment Court. The appeal shall be taken by filing a written notice of appeal with the Clerk of the Tribal Court within ten calendar days from the date of final decision of the Employment Court ...
HRO 84.X.B.12 (emphasis added). Absent some countervailing provision of Tulalip Tribal law, the requirement that a notice of appeal be filed within ten calendar days from the date of final decision prohibits this Court from assuming jurisdiction over an appeal filed more than ten calendar days from the date of a final decision of the Employment Court, unless good cause is shown.
Our analysis of whether this Court has jurisdiction to hear this appeal begins with the question, when does a decision of the Employment Court become “final”? We find nothing in HRO 84 or TO 49 [3] that defines “final” for purposes of an Employment Court or other trial court order.[4] However, HRO 84.X.B.11 does require that “Notice of the decision will be sent to *427 the appellant and supervisor or their representatives on the day of the decision.”
In this case, there is no documentation in the Employment Court file that the order was sent to the Appellant or the Appellee on the day the order was signed by the presiding judge and stamped as “received/filed” by the clerk. The first page of the order does bear a “cc” stamp that is routinely used by the Tulalip Court Clerk’s office. The stamp suggests that the order was provided to “Utilities”, “Paula Cortez”, and “Mr. Echevar-ria”. However, the “cc” stamp is dated August 20, 2009, the day after the day of the decision. More importantly, the clerk’s “cc” stamp is inherently defective to the degree that it is used as a substitute for a formal certification of service. It does not specify which of the several methods of sendee was used to serve any particular party; it does not establish whether the date indicates the date the stamp was applied or the date the service was performed, it does not identify who performed the service; and it is not a sworn statement, as is generally required of declarations and certifications of service, making it susceptible to challenge. The use of the “cc” stamp instead of a formal declaration of service leaves this Court and the parties to play guessing games when any particular order was served if that becomes an issue in a proceeding, as is the case here.
In Williams v. Tulalip Casino, 5 NICS App. 53, — Am. Tribal Law -—, 1998 WL 35298885 (Tulalip Tribal Ct.App.1998), the Court of Appeals ruled that an Employment Court decision issued under TO 84 was “final” for purposes of appeal on the date that the order was “dated and filed,” even though the order was not mailed to Appellant’s counsel until the following day and not actually received by Appellant’s counsel until five days after it was filed. The Williams Court stated “Although a situation might arise in which the date of the final decision differed from the date of filing, that issue is not before us.” Id. at 54, - Am. Tribal Law at -, 1998 WL 35298885. However, for reasons unbeknownst to us, the Williams Court did not address the requirement that decision be sent to the parties on the day of the decision.[5]
We need not today decide when a decision of the Employment Court becomes “final” for purposes of appeal. We do hold, however, that a decision of the Employment Court is not final until, at the earliest, such time as the court clerk certifies through a formal, sworn declaration that notice of the decision was sent to the appellant and the supervisor or their representatives on the day of the decision as required by HRO 84.X.B.11. The “cc” stamp used by the clerk does not meet this standard, and in any event, in this proceeding, the stamp and other documentation provided by the clerk indicates that notice was not sent to the parties until the day after the decision. We expressly overrule those portions of Williams v. Tulalip Casino, 5 NICS App. 5, - Am. Tribal Law --, 1998 WL 35298885 (Tulalip Tribal Ct.App.1998) that are inconsistent with this holding.
The appeal was timely filed.
FACTS
Appellant Echevarria was employed by the TUA as a Water/Wastewater Laborer. He was aware of the proper method, and required forms to be filed, to apply leave without pay.
*428 During late June, 2009, Appellant was also employed as part of the security force for “Boom City” an area in which Tulalip tribal members sell fireworks to the public for Independence Day celebrations. His duties in the security force would conflict with his job at the TUA. In order to resolve this conflict, he decided to take June 19, 2009 and June 22, 2009, as leave without pay from his TUA employment.
On June 19, 2009, Appellant had a conversation with another TUA worker, Mr. Jones, a supervisor in the TUA, after which Appellant believed that the Mr. Jones would file the necessary paperwork to seek his leave without pay. Mr. Jones did not complete or file the necessary paperwork. Appellant did not file the needed forms or obtain either verbal or written permission from either his immediate supervisor or get the written permission from the chain of command needed to authorize leave without pay. The Employment Court found that there was some evidence that his employer was aware that he would be absent on June 19, 2009, but that no paperwork was ever filed for that day. The Employment Court did not make a similar finding for June 22, 2009.
The Employment Court also found that the proper procedures for termination were followed by the TUA. Appellant was terminated for abandoning his job pursuant to HRO 84.IX.D.2.d.
This appeal followed.
STANDARD OF REVIEW
The Court of Appeals review is to determine whether the Employment Court’s decision is arbitrary, capricious or unsupported by substantial evidence. HRO 84.-X.B.12
DISCUSSION
At oral argument, Appellant argued that he could reasonably rely upon the assurances of Mr. Jones, who apparently had a supervisory position. If Mr. Jones were Appellant’s direct supervisor, this might raise an issue of detrimental reliance. An employee who claims he receives oral assurance from his direct su-peiwisor that the supervisor approves the leave without pay and will see to it that the proper paperwork is filed, but is nonetheless terminated when the required forms are not filed might have an argument that the termination was improper. But this case does not raise that question, for Appellant neither claims, nor does the record support a claim, that Mr. Jones was Appellant’s supervisor.
Our review of the record, including the testimony at the Employment Court hearings, shows that Mr. Jones informed Appellant that he could not authorize leave without pay and that he told Appellant that Appellant would have to file his own request for leave without pay.
Considering this evidence we cannot say that the decision of the Employment Court was arbitrary, capricious or unsupported by substantial evidence.
We affirm the Employment Court.

. The Board of Directors has also granted the Tulalip Tribal Courts jurisdiction over certain lands and waters outside of the Tulalip Reservation. TO 49.1.2.1.

. Where no applicable Tulalip Tribal law, ordinance, or custom law can be found, the Tulalip Courts may utilize the procedural laws of other federally recognized Indian Tribes, as well as federal statutes and common law. TO 49.1.2.3.

. Although the code does not address the relationship between the procedures set forth in HRO 84 and the Civil Rules of Tribal Court set forth in Title IV of TO 49, we hold that the Civil Rules do apply to Employment Court proceedings where the Civil Rules are not inconsistent with the provisions of HRO 84.

.TO 49 does require “entry” of trial court judgments, but does not define entry. Certain jurisdictions do not consider a court order to be "entered” simply because it was filed by the clerk. See, e.g., Federal Rule of Civil Procedure 58; Hoopa Valley Tribal Code, Title 3, Rules 66 and 6(a)(1) (judgment “entered” only when it is set forth on a separate document, stamped as filed, and a dated notation made on the docket sheet).

. The relevant language that notice of the decision be sent to the parties on the day of the decision does appear to have been in effect at the time of the 'Williams case. See HRO 84.X.B.9, HRO 84 with amendments as of March 11th, 1997.