ORDER DISMISSING APPEAL
This matter comes before the Court of Appeals[1] pursuant to the Notice of Appeal filed by S.H., the would-be Appellant, on June 13, 2014. S.H. seeks to appeal the decision denying her employment appeal entered by the Employment Court on May 15, 2014. An appeal of an Employment Court decision must be filed “within 10 calendar days from the date of final decision of the Employment Court.” TTC 9.950(12). This Court has no jurisdiction to hear an appeal when the lower court’s order has been properly served and the notice of appeal is filed late. Williams v. Tulalip Casino, — Am. Tribal Law-, -, 5 NICS App. 53, 55, 1998 WL 35298885, *2 (Tulalip Tribal Ct.App.1998); Echevarria v. Tulalip Utilities Authority, 8 Am. Tribal Law 424, 425, 9 NICS App. 77, 78-80 (Tulalip Tribal Ct.App.2010); see also Colegrove and Colegrove v. McLaughlin, 9 NICS App. 12, n. 3 (Hoopa Valley Tribal Ct.App.2009).
Here, the Employment Court clerk has certified that the Employment Court order was served on S.H. as required by TTC 9.950(11), and the Notice of Appeal was filed beyond the deadline set forth in TTC *139 9.950(12). Accordingly, the appeal is dismissed.
It is so ordered,
/s/ Daniel A. Raas Daniel A. Raas, Chief Justice

. TTC 2.05.040(3)(c) provides that ‘‘for each matter properly placed before the Court of Appeals, a panel of three Justices shall be selected by the Chief Justice to hear and decide the issue or issues before the Court of Appeals." (Emphasis added.) A matter is not properly placed before the Court of Appeals when a statutory filing deadline is not complied with, and the Chief Justice may therefore act alone in such a matter.